# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK PAUL SMITH,<br><br>             Plaintiff,<br><br>      v.<br><br>DERRAL ADAMS, WARDEN, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:09-cv-00292-GSA PC<br><br>ORDER DIRECTING CLERK'S OFFICE TO RE-SERVE DOCUMENT 10<br><br>ORDER GRANTING MOTION TO SET ASIDE JUDGMENT, VACATING DISMISSAL ORDER AND JUDGMENT, AND DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>(Docs. 13 and 14)<br><br>THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

Plaintiff Rick Paul Smith, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 17, 2009. This action was dismissed and judgment entered on October 21, 2009, based on Plaintiff's failure to file a second amended complaint in compliance with the Court's order of June 16, 2009. On November 2, 2009, Plaintiff filed a motion seeking relief from judgment and a motion for preliminary injunctive relief. Plaintiff claims that delivery of his mail was disrupted by prison staff from May 29, 2009, to October 14, 2009, in an effort to prevent him from amending and from exhausting the administrative remedies.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

1  omitted).  The moving party "must demonstrate both injury and circumstances beyond his control
2  . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order,
3  Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are
4  claimed to exist which did not exist or were not shown upon such prior motion, or what other
5  grounds exist for the motion."

6  Based on Plaintiff's representation, the Court will vacate the dismissal order and judgment,
7  and allow Plaintiff to amend.  However, Plaintiff is not entitled to a preliminary injunction.  At this
8  juncture, Plaintiff has not stated any viable claims for relief under federal law.  Therefore, there is
9  no actual case or controversy before the Court upon which to base jurisdiction to issue a preliminary
10 injunction.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley
11 Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471,
12 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

13 Further, assuming Plaintiff will be able to amend to state a viable claim for relief, Plaintiff
14 will not be entitled to preliminary injunctive relief absent a showing "that he is likely to succeed on
15 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
16 balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.
17 Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008) (citation omitted).  No such
18 showing was made in Plaintiff's motion, lack of a viable federal claim notwithstanding.

19 Based on the foregoing, it is HEREBY ORDERED that:
20 1. The Clerk's Office shall re-serve order #10, including complaint form enclosure;
21 2. Plaintiff's motion to set aside judgment, filed November 2, 2009, is GRANTED;
22 3. The order dismissing this action and the judgment, filed October 21, 2009, are
23    VACATED;
24 4. Plaintiff's motion for a preliminary injunction, filed November 2, 2009, is DENIED;
25    and
26 ///
27 ///
28 ///

5. Plaintiff has **thirty (30) days** from the date of service of this order within which to file a second amended complaint or this action will again be dismissed.

IT IS SO ORDERED.

Dated: **November 9, 2009**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE